### First National Bank of Crafton v. Fidelity and Casualty Co.

*Practice, C. P. — Statement of claim — Sufficiency — Indemnity bond — "Bankers' Blanket Bond"—Identification of person causing loss.*

In an action by a bank to recover money lost through the dishonesty of one of its employees, it appeared that the defendant had agreed in an instrument designated a "Bankers' Blanket Bond" to insure plaintiff against loss through any dishonest act of any of its employees except certain designated officers. The statement of claim set forth the loss and averred that it was caused by a person or persons in its employ, but not by any of the excepted officers. An affidavit of defence by way of demurrer pointed out that the statement was insufficient in not naming or otherwise identifying the person who caused the loss: *Held,* the statement of claim was sufficient; it is not necessary in such case to identify the employee who caused the loss.

Statutory demurrer.  C. P. Allegheny Co., July T., 1924, No. 2185.

Before Shafer, P. J., and Drew, J.

*Reed & Blair,* for plaintiff;  *John C. Sherriff,* for defendant.

SHAFER, P. J., Dec. 30, 1924.—The action is on an instrument designated as a "Bankers' Blanket Bond," whereby the defendant company insured the plaintiff against loss "through any dishonest act, wherever committed, of any of the employees, as defined in section 6." By section 6 and another section of the bond, employees are said to mean any person employed by the bank, except the president, vice-presidents and directors. The plaintiff claims to recover $3000 which it says it lost in currency, which a person or persons in the immediate employ of the plaintiff at its office in Crafton, which person or persons were not president, vice-president or directors of the plaintiff, unlawfully took from the plaintiff's banking house and converted to his or their own use. To this statement of claim the defendant has filed an affidavit of defence by way of demurrer, pointing out that plaintiff's statement is insufficient because it does not name or otherwise identify the person who is alleged to have unlawfully taken the money, and that it does not set forth that proof of loss was furnished to the defendant at its home office.

The failure to name or identify the employee who took the money was the only matter discussed on the argument.

In the course of the operations of a bank, it may well be that money may be taken by one or more employees under such circumstances that it would be impossible to show which one of them did it, and yet it might be very evident that some one of a definite number did so. It seems to us that this bond, which does not name any employee or fix any amount of liability for his acts, should cover all the employees of the plaintiff, and is intended to insure the bank against loss by dishonesty of its employees, whether that be singly or together, and whether the part that each takes in the act can be shown or not. We are, therefore, of opinion that the statement of claim sets out a good cause of action in this respect. The statutory demurrer is, therefore, overruled and defendant allowed time to answer as provided by law.

From William J. Aiken, Pittsburgh, Pa.